**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Sandy Macius, individually and on behalf of all others similarly situated,

                                 Plaintiff,

vs.

Oliphant Financial, LLC and Accelerated Inventory Management, LLC,

                                 Defendants.

Case No:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------/

      Sandy Macius, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Oliphant Financial, LLC and Accelerated Inventory Management, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

      1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

      2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

      3.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

      4.     At all relevant times, Defendant conducted business within the State of Florida.

1

## PARTIES

5. Plaintiff Sandy Macius is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Oliphant Financial, LLC, is a Florida Limited Liability Company with a principal place of business in Sarasota County, Florida.

9. On information and belief, Defendant Accelerated Inventory Management, LLC, is a Texas Limited Liability Company with a principal place of business in Travis County, Texas.

10. On information and belief, Defendant Oliphant Financial, LLC regularly collects or attempts to collect debts asserted to be owed to others.

11. On information and belief, Defendant Accelerated Inventory Management, LLC regularly collects or attempts to collect debts asserted to be owed to others.

12. On information and belief, Defendant Oliphant Financial, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13. On information and belief, Defendant Accelerated Inventory Management, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14. On information and belief, the principal purpose of Defendant Oliphant Financial, LLC's business is the collection of such debts.

15. On information and belief, the principal purpose of Defendant Accelerated Inventory Management, LLC's business is the collection of such debts.

16. On information and belief, Defendant Oliphant Financial, LLC uses the mails in its debt collection business.

17. On information and belief, Defendant Accelerated Inventory Management, LLC uses the mails in its debt collection business.

18. Defendant Oliphant Financial, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Defendant Accelerated Inventory Management, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

1. Defendants allege Plaintiff owes a debt ("the alleged Debt").

2. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

3. The alleged Debt does not arise from any business enterprise of Plaintiff.

4. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

5. At an exact time known only to Defendants, the alleged Debt was assigned or otherwise transferred to Defendants for collection.

6. At the time the alleged Debt was assigned or otherwise transferred to Defendants for collection, the alleged Debt was in default.

7. In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the Letter") dated July 25, 2019. (**"Exhibit 1."**)

8. The Letter conveyed information regarding the alleged Debt.

9. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

10. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

11. The Letter was received and read by Plaintiff.

12. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendants deprived Plaintiff of this right.

13. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendants. As set forth herein, Defendants deprived Plaintiff of this right.

14. As set forth in the following Counts, Defendants' communication violated the FDCPA.

15. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

3

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(1)**

16. Plaintiff repeats and realleges the foregoing paragraphs 7, 13, 14, 17, 20, and 22 through 28 as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

19. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

20. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

21. The Letter claims that Plaintiff owes $5,720.10.

22. Plaintiff did not owe $5,720.10.

23. Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect.

24. Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

25. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(1) and are liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)**

26. Plaintiff repeats and realleges the foregoing paragraphs 7, 13, 14, 17, 20, 22 through 28, 34, 35, and 36 as if fully restated herein.

27. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

4

28. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

29. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

30. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

31. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

32. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

33. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

34. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

37. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

38. The Letter alleges that Plaintiff owed $5,720.10.

39. Plaintiff did not owe $5,720.10.

40. Plaintiff did not owe any money at all to the entity on whose behalf Defendants

were seeking to collect.

41. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

42. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

43. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a misleading representation made by Defendants in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

44. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

45. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

46. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

47. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

48. Defendants' allegation that Plaintiff owed $5,720.10, when Plaintiff did not owe any money at all to the entity on whose behalf Defendants were seeking to collect, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

49. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

6

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692g(a)(2)**

50. Plaintiff repeats and realleges the foregoing paragraphs 7, 13, 14, 17, 20, 22 through 28, 34, 35, 36, and 51 through 52 as if fully restated herein.

51. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

52. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

53. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

54. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

55. The Letter claims the name of the creditor to whom the alleged Debt is owed is Accelerated Inventory Management, LLC.

56. Plaintiff did not owe the alleged Debt to Accelerated Inventory Management, LLC.

57. Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.

58. Accelerated Inventory Management, LLC never extended credit to Plaintiff.

59. Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

60. Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

61. Plaintiff never did any business with Accelerated Inventory Management, LLC.

62. Plaintiff was never indebted to Accelerated Inventory Management, LLC.

63. Accelerated Inventory Management, LLC is a stranger to Plaintiff.

64. Defendants' statement that Accelerated Inventory Management, LLC is "the name of the creditor to whom the debt is owed," when Accelerated Inventory Management, LLC is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

65. For the foregoing reasons, Defendants violated 15 U.S.C. § 1692g(a)(2) and are liable to Plaintiff therefor.

## FOURTH COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

66. Plaintiff repeats and realleges the foregoing paragraphs 7, 13, 14, 17, 20, 22 through 28, 34, 35, 36, 51 through 52, and 68 through 78 as if fully restated herein.

67. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

69. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

70. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

71. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

72. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

73. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

74. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation of the legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

75. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

76. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false representation made in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

77. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a deceptive means used in an attempt to collect the debt in violation of 15 U.S.C. § 1692e(10).

78. The Letter claims that Plaintiff owes a debt to Accelerated Inventory Management, LLC.

79. Plaintiff did not owe a debt to Accelerated Inventory Management, LLC.

80. Accelerated Inventory Management, LLC never offered to extend credit to Plaintiff.

81. Accelerated Inventory Management, LLC never extended credit to Plaintiff.

82. Plaintiff was never involved in any transaction with Accelerated Inventory Management, LLC.

83. Plaintiff never entered into any contract with Accelerated Inventory Management, LLC.

84. Plaintiff never did any business with Accelerated Inventory Management, LLC.

85. Plaintiff was never indebted to Accelerated Inventory Management, LLC.

86. Accelerated Inventory Management, LLC is a stranger to Plaintiff.

87. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

88. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

89. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a misleading representation made by Defendants in connection with Defendants' collection of the alleged Debt, in violation of 15 U.S.C. § 1692e.

90. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the character of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

91. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the amount of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

92. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation of the legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

93. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

94. Defendants' allegation that Plaintiff owed a debt to Accelerated Inventory Management, LLC, when Plaintiff did not owe a debt to Accelerated Inventory Management, LLC, is a deceptive means used in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

95. Defendants' demand that Plaintiff make payment for a debt that she does not owe is a false representation made to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

96. Defendants' request that Plaintiff make payment for a debt that she does not owe is a deceptive means used to attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

97. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and are liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g

98. Plaintiff repeats and realleges the foregoing paragraphs 7, 13, 14, 17, 20, 22 through 28, 34, 35, 36, 51 through 52, 68 through 78, and 91 through 110 as if fully restated herein.

10

99. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

100. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

101. There is no requirement that the consumer dispute the debt in writing.

102. It is a violation of the FDCPA to require disputes be made in writing.

103. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

104. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

105. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

106. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

107. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

108. Disputes need not be in writing.

109. Disputes may be made orally.

110. The Letter states "**Written Correspondence:**" (emphasis in original) followed by an address.

111. The aforementioned language, when examined from the perspective of the least sophisticated consumer, could lead the least sophisticated consumer to believe that her dispute must be in writing and sent to the stated address.

112. The aforementioned language, when examined from the perspective of the least sophisticated consumer, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

113. The aforementioned language, when examined from the perspective of the least sophisticated consumer, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

114. The aforementioned language, when examined from the perspective of the least sophisticated consumer, violates 15 U.S.C. § 1692g.

115. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

116. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

117. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

118. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

119. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate

120. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

121. The aforementioned language, when examined from the perspective of the least sophisticated consumer, could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing and sent to the stated address.

122. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described above, it is deceptive within the meaning of the FDCPA.

123. Because the Letter could impede the least sophisticated consumer's ability to respond to the Letter or dispute the debt, it is a material violation of the FDCPA.

124. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692g and are liable to Plaintiff therefor.

## **CLASS ALLEGATIONS**

125. Plaintiff brings this action individually and as a class action on behalf of all

persons similarly situated in the State of Florida.

    126. Plaintiff seeks to certify two classes of:

        i. All consumers to whom Defendants sent a collection letter attempting to collect an alleged Debt that was in fact not actually owed in that amount or to the entity on behalf of whom Defendants were trying to collect such debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

        ii. All consumers to whom Defendants sent a collection letter falsely advising that to effectively dispute the alleged Debt, such dispute must be in writing, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

    127. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

    128. The Class consists of more than thirty-five persons.

    129. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    130. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

    131. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

132. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendants' actions violate the FDCPA; and

    d. Granting damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: March 27, 2020

**BARSHAY SANDERS, PLLC**

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118087